# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8194 | **DATE** | 9/24/2002 |
| **CASE TITLE** | Terrence McCabe vs. Crawford & Company, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 10/8/2002 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Budget Group, Inc.'s motion to dismiss Counts V, VI and VII [30-1] is granted. Defendant Crawford & Company's motion to dismiss on Counts V, VI and VII is granted. Defendant Crawford & Company's motion to dismiss Counts I and IV is granted in part and denied in part. Defendant Crawford & Company's motion to dismiss Count II [31-1] is denied. Plaintiff's motion for class certification as to Classes A and B is granted and Plaintiff's motion for class certification as to Classes C, D and E [12-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices 3 | **Document Number** |
| | Notices mailed by judge's staff. | SEP 25 2002 | |
| | Notified counsel by telephone. | date docketed | |
| √ | Docketing to mail notices. | docketing deputy initials | 52 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | SEP 25 2002 date mailed notice | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TERRENCE MCCABE, on behalf of  )
himself and all others similarly  )
situated,  )
      )
      Plaintiff,  )
      )    **No. 01 C 8194**
      v.  )
      )    **Judge Ruben Castillo**
CRAWFORD & COMPANY, BUDGET  )
GROUP, INC., and BUDGET RENT A  )
CAR, INC.,  )
      )    DOCKETED
      )
      Defendants.  )    SEP 2 5 2002

## MEMORANDUM OPINION AND ORDER

Terrence McCabe filed an amended class action complaint against Crawford & Company ("Crawford") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* (Counts I, II and III), the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425 *et seq.,* (Count IV), and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505 *et seq.,* (Counts V and VI). McCabe also brings suit against Budget Group, Inc., and Budget Rent A Car, Inc. (collectively "Budget") for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, *Id.,* (Counts V and VI). Finally, McCabe seeks restitution and declaratory relief from all Defendants (Count VII).

Currently before the Court is Crawford's motion to dismiss all counts and Budget's motion to dismiss Counts V, VI and VII pursuant to Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). Also before the Court is McCabe's amended motion for class certification pursuant to Federal Rule of Civil Procedure Rule 23. Fed. R. Civ. P. 23. For the

foregoing reasons, the Court grants Budget's motion to dismiss Counts V, VI and VII. (R. 30-1.) The Court grants Crawford's motion to dismiss on Counts V, VI and VII, grants in part and denies in part on Counts I and IV and denies on Count II. (R. 31-1.) In addition, the Court grants McCabe's motion for class certification as to Classes A and B and denies McCabe's motion for class certification as to Classes C, D and E. (R. 12-1.)

## RELEVANT FACTS

In November 1997, McCabe rented a truck from Budget. At the time of the rental, McCabe did not purchase Budget's vehicle loss and damage insurance. On or about November 23, 1997, McCabe hit a railroad viaduct on the north side of Chicago and damaged the rental truck. After McCabe's insurance denied coverage for the vehicle, Budget unsuccessfully sought to collect payment for the damage caused to the vehicle. In July 2001, Budget turned McCabe's account over to Crawford, a collection agency, in an attempt to collect for the damage caused to the rental vehicle.

Crawford sent McCabe a letter seeking payment of $12,266.67 for damage to the truck and associated fees.[1] (*Id.*) The letter stated in pertinent part:

> You rented a vehicle from Budget at which time you declined the Loss Damage Waiver (LDW) option in the rental agreement. As a result, you became obligated to pay for any and all damages to the vehicle as stated in the rental agreement, which you signed. During the rental term, the vehicle sustained damages . . . .

> Unless we hear from you within thirty (30) days after the receipt of this letter disputing the claim, Federal Law provides that this debt will be assumed to be valid and owing. In the event you contact us and dispute the charges owed, we will promptly furnish you with any and all documentation to substantiate the claim.

---

[1] Specifically, Crawford sought to recoup $6,374.78 in physical damage costs, $1,680.00 for loss of use of the vehicle during repair and $4,088.89 as a collection fee.

Please contact our office upon receipt of this letter to discuss the matter.

(R. 25-1, Compl., Ex. A.)

McCabe filed the instant seven-count amended complaint against Crawford and Budget. McCabe maintains in Count I that Crawford's form letter violated provisions of the FDCPA. In particular, McCabe asserts that the letter made false representations as to the amount Crawford could legally seek, overshadowed the validation notice and failed to appropriately apprise McCabe of his rights under the FDCPA. Moreover, in the remaining counts, McCabe alleges that Crawford misrepresented the character, amount or legal status of the debts allegedly owed by McCabe and violated the FDCPA, ICAA and ICFA by failing to comply with the Illinois Vehicle Code ("Code"), 625 ILCS 5/6-305.2. Currently before the Court are Defendants' motions to dismiss pursuant to Rule 12(b)(6) and McCabe's motion for class certification pursuant to Rule 23.

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Autry v. Northwest Premium Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998). The court must view all facts alleged in the complaint, as well as any inferences reasonably drawn from those facts, in the light most favorable to the plaintiff, *id.*, and will grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief, *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 432 (7th Cir. 1993). *See also Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).[2]

---

[2] Much of the parties' argument on the motions to dismiss focus on the collection letter. (R. 25-1, Compl., Ex. A.) The Court may consider the letter while ruling on the motions to dismiss because it is attached to McCabe's first amended complaint. Fed. R. Civ. P. 10(c) and 12(b).

**A. McCabe's Claims Under The FDCPA (Counts I, II and III), ICAA (Count IV) And The ICFA (Counts V and VI)**

Counts I, II and III of McCabe's first amended complaint allege violations of the FDCPA. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors . . . and . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Act sets forth standards for debt collector communications to consumers. For example, debt collectors must advise consumers of their rights to dispute a debt and to demand verification. *See* 15 U.S.C. § 1692g. The Act further prohibits collecting a debt through unfair or unconscionable means. *See id.,* § 1692f(1).

The court should examine any potential FDCPA violation through the eyes of the hypothetical "unsophisticated consumer." *See Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999) (citing *Gammon v. GC Svcs. Ltd. P'ship*, 27 F.3d 1254 (7th Cir. 1994)). The "unsophisticated consumer" is one "whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading." *Gammon,* 27 F.3d at 1257. This standard "protects the consumer who is uninformed, naive, or trusting . . . [but also] . . . . shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Id.*

**1. Count One**

Count I of McCabe's first amended complaint alleges that Crawford's letter violates provisions of §§ 1692g, 1692f and 1692e of the FDCPA. Specifically, McCabe claims that Crawford used false or misleading representations, overshadowed the 30-day validation period, attempted to collect an amount not expressly authorized and misstated the validation notice.

Crawford maintains that this Count should be dismissed under Rule 12(b)(6), asserting that its letter was in compliance with the FDCPA.

### a.    Section 1692g Claims

First, McCabe alleges that the language in Crawford's letter – "you became obligated to pay for any and all damages to the vehicle" – violated §1692g because the consumer is not obligated to pay and the debt collector not entitled to presume the validity of the debt until the thirty-day validation period has expired and the consumer has not disputed the debt.[3] He alleges, therefore, that the aforementioned language in Crawford's letter implies to the unsophisticated consumer that the burden of proof has shifted from Crawford to the consumer and that the consumer is obligated to pay unless proven otherwise. McCabe concludes that Crawford's language contradicts and overshadows the right to dispute the debt under §1692g.

Pursuant to §1692g, a validation notice must "be effective, and . . . cannot be cleverly couched in such a way as to eviscerate its message." *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518-19 (7th Cir. 1997) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir. 1996)). It follows that "the debt collector may not overshadow or contradict that information [contained in the validation notice] with other messages sent with the validation notice or within the validation period." *Id.* at 518. While the unsophisticated consumer standard presumes a level of

---

[3] Section 1692g(a) requires that a collection letter contain the amount of the debt and the name of the creditor to whom the debt is owed. Furthermore, the section requires a statement informing the debtor that: (1) unless the debtor disputes the validity of the debt within 30 days, the debt collector will assume that the debt is valid, but (2) if the consumer notifies the collector in writing within 30 days that he is disputing the debt, the debt collector will obtain verification of the debt and a copy of the verification will be mailed to the consumer. 15 U.S.C. §1692g(a)(1)-(4). This section also requires that the consumer be informed that upon request, the debt collector will provide the consumer with the name and address of the original creditor if the original creditor is different from the current one. *Id.* at §1692g(a)(5).

sophistication that "is low, close to the bottom of the sophistication meter," *Avila*, 84 F.3d at 226, the standard "admits an *objective element of reasonableness*" that protects debt collectors from liability for unrealistic interpretations of collection letters. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483-84 (7th Cir. 1997) (internal quotations and citations omitted) (emphasis added). Thus, if the letter would not confuse the unsophisticated consumer's understanding of his validation rights, it cannot give rise to liability. *See Seplak v. IMBS, Inc.*, No. 98 C 5973, 1999 WL 104730, at *3 (N.D. Ill., Feb. 23, 1999). Overshadowing, however, occurs where the defendant includes contradictory language in the collection letter. *See Bartlett v. Heibl*, 128 F.3d 497, 501-03 (7th Cir. 1997) (holding that unsophisticated consumer would be confused by collection letter that both demanded payment within one week and stated that the debtor had thirty days to dispute the debt). *See also Avila*, 84 F.3d at 226 (finding contemporaneous demand for payment within ten days overshadowed plaintiff's validation rights); *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1131 (N.D. Ill. 1998); *Ozkaya*, 982 F. Supp. at 582.

The Court concludes that Crawford's letter to McCabe did not contain contradictory language that overshadowed McCabe's rights. The letter makes clear that the obligation resulted from damage to the rental truck and continues: "As a result, you became obligated to pay for any and all damage to the vehicle." (R. 25-1, Compl., Ex. A.) Crawford's letter also states that "unless we hear from you within thirty (30) days after the receipt of this letter disputing the claim, Federal Law provides that this debt will be assumed to be valid and owing." (*Id.*) This language incorporates the language required by the FDCPA and would not confuse an unsophisticated consumer. *Cf. Bartlett*, 128 F.3d at 501-03. It is unlike the language the Seventh Circuit has held to overshadow consumers' rights, such as the contradictory language in *Bartlett*

6

which demanded both payment in one week along with notice of the thirty-day period to dispute the debt. *Id.* Accordingly, we find that the above language does not overshadow the validation notice as a matter of law.

In addition, McCabe claims that the language asking him to contact Crawford's office to discuss the debt "upon receipt of this letter" overshadows his validation rights. (R. 25-1, Compl., Ex. A.) Crawford's request for contact in this instance, however, does not overshadow his validation rights, but rather suggests that he contact Crawford as soon as possible. *See Chauncey,* 118 F.3d at 518-19. *See also Gammon v. Joseph H. Belzer, P.A.,* 1997 WL 189291 at *3 (holding that the statement "[y]our immediate attention to this matter is in your best interest" did not violate §1692g because the debt collector was merely recommending that plaintiff look into the matter as soon as possible). Nowhere in the collection letter does Crawford improperly demand immediate payment of the debt within a period shorter than thirty days. *Cf. Avila,* 84 F.3d at 226 (letter giving debtor ten days to pay "or else" found inconsistent with thirty days allowed by validation notice); *Chauncey,* 118 F.3d at 518-19 (telling debtor that collection agency must receive payment within thirty days contradicts debtor's right to send notification of dispute within thirty days). Therefore, we find that the above language also does not overshadow or contradict McCabe's rights under the FDCPA. Accordingly, we dismiss McCabe's claims that the language of the letter overshadowed his validation rights.

Second, McCabe alleges that the letter violates §1692g(a)(3) because it assumes that the debt is valid and owed if a consumer does not dispute it. McCabe claims that the aforementioned language ("unless we hear . . .") implies that those who fail to avail themselves of a protection afforded by the FDCPA will be penalized. This language, however, does not violate the FDCPA.

It simply mirrors § 1692g(a)(3), which requires "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). Thus, Crawford's letter does not imply that those who fail to avail themselves of the protection of the FDCPA will be penalized; any such interpretation "is a peculiar one which runs afoul of the reasonableness requirement." *Young v. Meyer & Njus, P.A.*, 953 F. Supp. 238, 240 (N.D. Ill. 1997). Again, McCabe fails to state a claim against Crawford under § 1692g(a)(3).

Third, McCabe alleges that Crawford violated §1692g(a)(4) by failing to advise him that he must dispute the debt in writing. 15 U.S.C. § 1692g(a)(4). McCabe maintains that the "unless we hear from you" and "in the event you contact us" language implies that the consumer is meant to call Crawford and that this violates the FDCPA because it does not specify that the protection afforded a consumer by §1692g(b) will not be triggered unless the dispute is made in writing. (R. 25-1, Compl., Ex. A.) Because Crawford's letter might leave a consumer with the mistaken impression that it is sufficient to dispute the debt by telephone, we find that McCabe adequately states a claim under § 1692g(a)(4).

Next, McCabe alleges that Crawford violated §1692g(a)(4) by failing to inform him in its collection letter that he may dispute "any portion" of the debt as opposed to the debt as a whole. An unsophisticated consumer who received a letter such as McCabe's might be confused as to his rights and presume that he may only dispute the claim in its entirety. *See Avila*, 84 F.3d at 226. Thus, we find that this violation of § 1692g(a)(4) has been sufficiently alleged at this stage of the proceedings.

Finally, McCabe claims Crawford failed to provide the name and address of the original

creditor, which is a requirement under § 1692g(a)(5) if the original creditor differs from the present creditor. But McCabe's claim fails as a matter of law because in this case the creditor, Budget Rent A Car, remained the same. Because the FDCPA does not require any notice in these circumstances, McCabe fails to state a claim under § 1692g(a)(5).

### b. Section 1692f Claim

Section 1692f(1) prohibits collecting any amount in excess of the debt absent express authorization in the agreement creating the debt or unless such a fee is permitted by law. 15 U.S.C. § 1692f(1). McCabe contends that Crawford violated this section because McCabe never agreed to pay Crawford's 50% collection fee. In the alternative, McCabe claims that if Crawford was entitled to charge a collection fee under the terms of his rental agreement with Budget, the amount charged was excessive and unconscionable. The rental contract between Budget and McCabe, however, provides in relevant part that the "renter will also pay all direct costs of collection, including attorney fees, and interest at the highest rate permitted by law."[4] (R. 31-1, Crawford's Mot. to Dismiss, Ex. A, Rental Agreement.) McCabe signed the rental contract and thus expressly authorized collection fees. Therefore, the question of whether the collection fee is so excessive cannot be brought as a claim under this section; it is a claim sounding in contract law, which McCabe has not alleged in his complaint. McCabe's § 1692f claim is dismissed.

---

[4] The Court is permitted to consider the rental agreement attached to Crawford's motion to dismiss because it is implicitly and explicitly referred to in McCabe's complaint, (*see* R. 25-1, Compl. ¶ 12 and Ex. A), and but for the contract between Budget and McCabe, McCabe's claims would not exist. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Moreover, we will not allow McCabe to avoid dismissal under Rule 12(b)(6) by failing to attach the contract which proves that he has no claim under § 1692f. *Tierney v. Vahle*, 2002 WL 31067679, at *3 (7th Cir. Sept. 18, 2002).

### c. Section 1692e Claims

McCabe alleges that Crawford used false and misleading representations in violation of §§1692e(2), (5) and (10). Specifically, McCabe alleges that he was led to believe that Crawford's actions were permitted by law. Because we have concluded that McCabe has otherwise stated a valid FDCPA claim, we also conclude that McCabe has sufficiently alleged violations of §1692e. Therefore, we deny Crawford's motion to dismiss McCabe's § 1692e claim.

### 2. Counts Two & Five

In Count II, McCabe alleges that Crawford further violated §§1692e, 1692e(2) and 1692f(1) of the FDCPA by misrepresenting the character, amount or legal status of the debts allegedly owed. In particular, McCabe maintains that Crawford failed to comply with the Illinois Vehicle Code ("Code") before attempting to collect for damages to his rental truck. McCabe alleges that Budget violated § 305.2(d) of the Code by not obtaining an "estimate" or "appraisal" of the damages before attempting to collect and § 305.2(f) by seeking collection before obtaining an agreement with the renter as to the damages or a legal determination of the amount to be collected. 625 ILCS 5/6-305.2. Therefore, McCabe asserts that Crawford was in violation of the FDCPA because it attempted to collect on an invalid debt. Crawford responds that a rental company is not required to reach an agreement as to the amount owed or to obtain a judgment against McCabe before attempting to collect payment for the damage caused to the truck. Crawford asserts that sub-section (f)'s "determined pursuant to law" requirement is fulfilled

when a rental company complies with sub-section (d) of the Code.[5]

In interpreting a statute, we must decide whether the intent of the legislative body is clear as to the precise question at issue. *Am. Soc'y of Cataract & Refractive Surgery v. Shalala*, 94 F. Supp. 2d 914, 924 (N.D. Ill. 2000) (citing *Regions Hosp. v. Shalala*, 522 U.S. 448 (1998)). If a statute is silent or ambiguous with respect to the specific issue, the court must then determine whether the proposed interpretation of the statute or ordinance is reasonable. *Id.*

The Court disagrees with Crawford's contention that the language "determined pursuant to law" clearly indicates that a rental company need only obtain an estimate and make that estimate available upon request to the renter before it is able to collect for damages. 625 ILCS 5/6-305.2(f). The language provided in sub-section (d) could equally be read as but one precondition for collecting damages on a rental vehicle. Moreover, the Court reads subsections (a)-(d) of § 305.2 as applying to private passenger vehicles alone, not to trucks. *See infra* discussion of Count III. The protections of subsection (f), however, appear to stand on their own and apply to all rental vehicles. 625 ILCS 5/6-305.2(f). Thus, because McCabe's interpretation

---

[5] The Illinois Vehicle Code states in relevant part: (d) Repair estimates. A person who rents a motor vehicle to another may not collect or attempt to collect the amount described in subsection (b) unless the rental company obtains an estimate from a repair company or an appraiser in the business of providing such appraisals on the costs of repairing the motor vehicle, makes a copy of the estimate available upon request to the renter who may be liable under subsection (a), or the insurer of the renter, and submits a copy of the estimate with any claim to collect the amount described in subsection (b).

\* \* \*

(f) No rental company shall require a deposit or an advance charge against the credit card of a renter, in any form, for damages to a vehicle which is in the renter's possession, custody, or control. No rental company shall require any payment for damage to the rental vehicle, upon the renter's return of the vehicle in a damaged condition, until after the cost of the damage to the vehicle and liability therefor is agreed to between the rental company and renter or is determined pursuant to law. 625 ILCS 5/6-305.2.

of "determined pursuant to law" in sub-section (f) is potentially reasonable, the Court concludes that Count II states a valid cause of action. Accordingly, Crawford's motion to dismiss with respect to Count II is denied.

In Count V, McCabe alleges a state law claim under the ICFA also based on violations of sub-section (f). As a threshold question, the Court must decide whether McCabe can state an ICFA claim for a violation of the Code. To plead an ICFA claim, McCabe must allege: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, and (3) the deception occurred in the course of conduct involving trade or commerce. *See Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 593 (Ill. 1996). Section 2Z of the ICFA specifically enumerates statutes which if violated would constitute an unlawful practice under the ICFA. *See* 815 ILCS § 505/2Z. In 2002, the Illinois legislature amended the list of statutes to include "paragraph (6) of sub-section (k) of the Illinois Vehicle Code." *Id.* Thus, a plaintiff may bring an ICFA claim based on violations of certain sections of the Code. McCabe, does not, however, premise his claim on § 6-305(k)(6). He bases his ICFA claim on § 6-305.2(f). If the Illinois legislature intended that violations of § 6-305.2(f) constitute unlawful practices under the ICFA, they would have explicitly provided so in the 2002 amendments. Furthermore, according to the rule of *expressio unius est exclusio alterius*, the enumeration of certain things in a statute implies the exclusion of all other things. *People ex rel. Daley v. Grady*, 548 N.E.2d 764, 766 (Ill. App. Ct. 1989). Accordingly, the Court concludes that McCabe fails to state an ICFA claim and grants Defendants' motion to dismiss with respect to Count V.

### 3. Counts Three & Six

In Count III, McCabe alleges that Crawford violated §§1692e, 1692e(2) and 1692f(1) of

12

the FDCPA by falsely representing the character, amount or legal status of the debt owed

Crawford. This contention is based on McCabe's allegation that the Code only allows Crawford

to collect up to $6,000 for damages. Crawford moves to dismiss this Count, arguing that the

Code's damage cap does not apply to McCabe's rental truck.[6] Specifically, Crawford argues that

because the header of the relevant section of the Code refers to "private passenger vehicles," the

subsequent body of the section should not be read to apply to McCabe's rental truck. McCabe

does not contend that his rental truck is a private passenger vehicle. Rather, he asserts that

because the term "private passenger vehicle" is used only once as a header, that language should

not control but that the language "motor vehicle"—which would include his rental truck—should

control.

    "All statutory interpretation begins with the language of the statute itself, and where the

statute's language is plain, the sole function of the courts is to enforce it according to its terms."

---

[6] The relevant section of the Illinois Vehicle Code reads as follows:

Sec. 6-305.2. Limited liability for damage.

(a) Damage to private passenger vehicle. A person who rents a motor vehicle to another may hold the renter liable to the extent permitted under subsections (b) through (d) for physical or mechanical damage to the rented motor vehicle that occurs during the time the motor vehicle is under the rental agreement.

(b) Limits on liability. The total liability of a renter under subsection (a) for damage to a motor vehicle may not exceed all of the following:

(1) The lesser of:

(A) Actual and reasonable costs that the person who rents a motor vehicle to another incurred to repair the motor vehicle or that the rental company would have incurred if the motor vehicle had been repaired, which shall reflect any discounts, price reductions, or adjustments available to the rental company; or

(B) The fair market value of that motor vehicle immediately before the damage occurred, as determined in the customary market for the retail sale of that motor vehicle; and . . .

For the purposes of this subsection (b), for the period prior to June 1, 1998, the maximum amount that may be recovered from an authorized driver shall not exceed $6,000.

625 ILCS 5/6-305.2

*Pittway Corp. v. U.S.,* 102 F.3d 932, 934 (7th Cir. 1996) (quotations and citations omitted).

Moreover, a court should "assume that the legislative purpose is expressed by the ordinary meaning of the words used." *Am. Tobacco Co. v. Patterson,* 456 U.S. 63, 68 (1982) (quotations and citations omitted). As we have noted, if a statute is silent or ambiguous with respect to the specific issue, the court must determine whether the proposed interpretation of the statute or ordinance is reasonable. *Am. Soc'y of Cataract,* 94 F. Supp. 2d at 924. Yet, where the statutory language is unambiguous and its literal interpretation would not lead to an absurd result or thwart the purpose of the overall statutory scheme, we need not look beyond the express language of that statute. *See U.S. v. On Leong Chinese Merchs. Ass'n. Bldg.,* 918 F.2d 1289, 1296 (7th Cir. 1990). Most importantly, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *In re Lifschultz Fast Freight Corp.,* 63 F.3d 621, 628 (7th Cir. 1995) (quoting *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992)).

We conclude that the Illinois Vehicle Code's liability damage cap does not apply to McCabe's rented truck. The relevant section of the Code that places limitations on liability is plainly entitled "Damage to private passenger vehicle." Although, as McCabe correctly states, the section goes on to refer to "motor vehicles," we must presume that the Illinois legislature purposefully labeled the section in enacting the provision. *See In re Lifschultz,* 63 F.3d at 628. Although "private passenger vehicle" is not specifically defined by the Code, other definitions in the Code shed light on the meaning of the term. For example, "motor vehicle" is separated into two divisions: (1) vehicles designed for the carrying of not more than ten persons; and (2) vehicles designed for carrying more than ten persons or used for carrying freight or cargo. 625 ILCS 5/1-146. The truck McCabe rented is a motor vehicle of the second division. *People v.*

14

*Light*, 214 N.E.2d 626 (Ill. App. Ct. 1966). Thus, the truck is clearly not a "passenger car" as

that statutory definition only includes vehicles of the first division. 625 ILCS 5/1-157.

"Multipurpose passenger vehicles" are also considered "passenger cars," but the purpose of a

truck like the one rented by McCabe is not the transportation of passengers, but the transportation

of property. Sport-utility vehicles and vans, not trucks, for example, fall within the definition of

"multipurpose passenger vehicle." *See In re Merchs. Grain, Inc.,* 93 F.3d 1347, 1353-54 (7th

Cir. 1996) ("absent statutory definitions, we accord words and phrases their ordinary and natural

meaning and avoid rendering them meaningless, redundant, or superfluous"). The Illinois

legislature clearly intended that subsections (a)-(d) apply only to "private passenger vehicles,"

which excludes the truck rented by McCabe. To read the Code any other way would improperly

render part of the statute meaningless or superfluous. *See id.*

The legislative history of § 305.2 also supports the conclusion that the limited liability

provision was only meant to apply to private passenger vehicles and not trucks. 625 ILCS 5/6-

305.2. Section 305.2 repealed the $200.00 limit on negligent renters, replacing it with the

instructions in 305.2(b). *Id.* The debate concerning the new liability limits repeatedly refers to

"rental cars" and evidences a concern with the effect of the $200.00 limit on the tourism and

travel industry. *Debate of House Bill 844 before the House of Rep.*, 90th Gen. Assembly, 32d

Legislative Day (Ill. Mar. 13, 1997). As one legislator articulated, "the carelessness of out-of-

state business travelers and tourists are being subsidized by Illinois rental agency [sic] and

citizens." *Id.* (statement of Rep. Deering). Business travelers and tourists generally rent private

passenger vehicles, not trucks. The legislature was clearly concerned with rental of private

passenger vehicles. Moreover, the superseded statutory provision providing the $200.00

damages cap was limited to "private passenger motor vehicle[s]," a label remarkably similar to the "private passenger vehicle" in § 305.2. See 625 ILCS 5/6-305(d), replaced by 625 ILCS 5/6-305.2(b). The Appellate Court of Illinois specifically interpreted "private passenger motor vehicle" in § 305(d) as excluding trucks. *Alamo Rent a Car, Inc. v. Ryan*, 643 N.E.2d 1345, 1353 (Ill. App. Ct. 1994) (J. Murray, dissenting) (disagreeing with the majority's "excellent opinion" on the issue of the constitutionality of the $200.00 damages cap because the act excluded those who rent trucks). Therefore, the Court's common sense reading of the statute, the legislative history and analogous caselaw all convince the Court that McCabe cannot state a claim based on violations of sub-sections (a)-(d) of the Code. These provisions were intended to apply only to private passenger vehicles, which excludes trucks. Accordingly, we grant Crawford's motion to dismiss with respect to Count III.

In addition, McCabe alleges in Count VI that Defendants violated the ICFA by misrepresenting that they were entitled to collect amounts in excess of the Code's $6,000 damage cap. Because we find that the Illinois Vehicle Code liability cap does not apply to McCabe's truck, Crawford's motion to dismiss with respect to Count VI is granted. Moreover, McCabe cannot bring an ICFA claim based on a violation of § 305.2 of the Code. 625 ILCS 5/6-305.2. *See supra* discussion of Count V.

## 4. **Count Four**

McCabe maintains that Crawford's collection letter violated the ICAA by seeking to collect amounts in excess of the damage cap prescribed by the Code. Like Counts II and III, we find that because McCabe's interpretation of "determined pursuant to law" in § 305.2 (f) of the Code is potentially reasonable, he has stated a valid cause of action under the ICAA as well.

However, because we have concluded that the Illinois Vehicle Code's liability damage cap does not apply to McCabe's rented truck, McCabe's second claim under the ICAA fails. Thus, we deny in part and grant in part Crawford's motion to dismiss on Count IV.

## 7. Count Seven

Finally McCabe seeks declaratory relief against both Crawford and Budget. Specifically, McCabe seeks a declaration from the Court stating that charging amounts to renters of motor vehicles in contravention of the Illinois Vehicle Code is an illegal practice to be enjoined. McCabe further asserts that Defendants have been unjustly enriched by virtue of their collection activities. Crawford and Budget move to dismiss this count, contending in part that McCabe fails to state the elements for a claim for unjust enrichment because he did not pay any money to either Defendant.

The Court finds Defendants' argument to dismiss the unjust enrichment claim compelling. To state a claim for unjust enrichment under Illinois law, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care v. Mt. Vernon Hosp.*, 545 N.E.2d 672, 679 (Ill. 1989). Here, McCabe does not allege that he paid any monies to either Crawford or Budget. In fact, he specifically states that he "did not pay any amount to Budget or Crawford." (R. 41-1, Pl.'s Resp. at 26.) Thus, McCabe cannot allege that Crawford or Budget have "unjustly retained a benefit" to his detriment. *See HPI Health Care,* 545 N.E.2d at 679. To the extent that Count VII is a claim for unjust enrichment, it is dismissed. To the extent that McCabe seeks declaratory relief

on behalf of proposed classes D and E in Count VII, that claim is moot given the Court's dismissal of Counts V and VI.

## B. McCabe's Motion for Class Certification[7]

The court has broad discretion in deciding whether certification of a class is proper. *See Keele v. Wexler,* 149 F.3d 589, 592 (7th Cir. 1998); *Mira v. Nuclear Measurements Corp.,* 107 F.3d 466, 474 (7th Cir. 1997) (citing *Retired Chi. Police Ass'n v. City of Chi.,* 7 F.3d 584, 596 (7th Cir. 1993)). Nonetheless, the plaintiff bears the burden of showing that all of the requirements of class certification have been met. *Gen. Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 161 (1982); *Trotter v. Klincar,* 748 F.2d 1177, 1184 (7th Cir. 1984). Finally, we may look "beneath the surface of a complaint to conduct the inquiries identified in [Rule 23] and exercise the discretion [Rule 23] confers." *Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672, 677 (7th Cir. 2001).

The standards for class certification under Rule 23 are clear. The plaintiff must first fulfill the following four requirements: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) the representative parties must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Yet, even if a plaintiff satisfies the four aforementioned requirements, he must still satisfy one of Rule 23(b)'s requirements. *Retired Chi. Police Ass'n,* 7 F.3d at 596. McCabe seeks certification under Rule 23(b)(3), which requires "that questions of

---

[7] Because the Court has dismissed Counts V, VI and VII in their entirety, certification of classes D and E is a moot issue. Therefore, the Court will only discuss certification of Classes A, B and C. Because Count IV remains in part, the Court will discuss certification with respect to Class C.

law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

## 1. 23(a)(1) – Numerosity and Impracticability of Joinder

The first requirement of Rule 23(a) is that the proposed class be so numerous that joinder is impracticable. Fed. R. Civ. P. 23(a)(1). McCabe does not purport to know the exact number of Classes A, B or C. Yet, he asserts that each of his proposed classes is sufficiently numerous to mandate class certification. Specifically, McCabe argues Class A would contain a significant number of consumers whose creditors placed their accounts for collection with Crawford. Next, he argues that Classes B and C are sufficiently numerous because they consist of all consumers, nationally, from whom Crawford sought to collect damages for motor vehicles rented from rental car companies located in Illinois.

It is not required that the plaintiff know the precise number of class members. As McCabe correctly notes, a class action may proceed upon estimates as to the size of the proposed class. Although there is no "bright line" test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1). *See Ringswald v. County of DuPage,* 196 F.R.D. 509, 512 (N.D. Ill. 2000); *Swanson v. Am. Consumer Indus., Inc.,* 415 F.2d 1326, 1333 (7th Cir. 1969). Courts have also found the numerosity requirement satisfied where the putative class would number less than forty individuals. *See Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D. Ill. 1986) (noting that in certain cases a class of 10-29 is sufficient to meet the numerosity requirement). Additionally, the Court is able to make common-sense assumptions in determining numerosity. *See Keele v. Wexler,* No. 95 C 3483, 1996 WL 124452,* 3 (N.D. Ill. Mar. 19, 1996),

*aff'd*, 149 F.3d 589 (7th Cir. 1997). Nonetheless, a mere conclusory allegation that joinder is impractical or speculation as to the size of the class is insufficient. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).

Classes A and B both meet the numerosity requirement. Class A – comprised of all consumers nationally who were sent a letter similar to the form letter sent to McCabe – has 289 potential members. Accordingly, we conclude that Class A meets the numerosity requirement. *See Swanson*, 415 F.2d at 1333. Class B – comprised of all consumers nationally from whom Crawford sought to collect amounts for damages to motor vehicles rented from companies in Illinois before reaching an agreement as to damages or obtaining a legal determination of damages – includes at least 19 members. As such, proposed Class B meets the numerosity requirements due to the impracticability of joinder. *See Allen v. Isaac*, 99 F.R.D. 45, 48 (N.D. Ill. 1983) (certifying a nationwide class of 17 because "it would be extremely difficult to individually join the members of [the proposed] group and expect each member to actively and meaningfully participate in the ensuing litigation").

Proposed Class C, however, is not sufficiently numerous, as only one potential class member has been identified. Importantly, a failure in any one of the requirements of Rule 23 results in a denial of class certification. *Retired Chi. Police Ass'n*, 7 F.3d at 596. Therefore, because we find that proposed Class C does not meet the numerosity requirement, the motion for certification of Class C is denied.

## 2. 23(a)(2) – Commonality

We need only determine whether Classes A and B meet the commonality requirement. The second requirement of Rule 23(a) is that "there are questions of law or fact common to the

class." Fed. R. Civ. P. 23(a)(2). The commonality requirement is usually met where there is a common nucleus of operative fact. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992). A common nucleus of operative fact is generally found where "the defendants have engaged in standardized conduct towards members of the proposed class." *Keele,* 149 F.3d at 594.

Here, we find that Classes A and B meet the commonality requirement. McCabe has alleged that members of Class A were sent a letter that was materially identical or substantially similar to the form letter sent to McCabe on or about July 10, 2001. Therefore, the form letter sent to McCabe provides a common nucleus of operative fact among the members of the proposed Class A. Class B is to be comprised of all consumers nationally from whom Crawford sought to collect amounts for damages to a rented motor vehicle from a rental car company in the state of Illinois before the rental car company reached an agreement with the renter as to the amount due or obtained a legal determination as to the amount due. Here, Crawford's alleged standard conduct provides the common nucleus of operative fact among the members of proposed Class B.

### 3. 23(a)(3) – Typicality

The Federal Rules of Civil Procedure require that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De la Fuente v. Stokely-Van Camp Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citation and quotations omitted). We find that McCabe's claims are typical of those of other potential Class

A and B members in that they involve Crawford's alleged violations of the FDCPA by virtue of its form letter and its alleged violations of the Code.

### 4. 23(a)(4) - Adequacy of Representation

The final requirement of Rule 23(a) is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Both the named plaintiff and the named plaintiff's attorney must provide fair and adequate representation. *Retired Chi. Police Ass'n,* 7 F.3d at 598. As a named plaintiff, McCabe's interests may not be antagonistic to those of the class. *See Rosario,* 963 F.2d at 1018. Because there are no apparent conflicts between McCabe's interests and those of other potential class members, we find McCabe is an adequate representative. As class counsel, McCabe's attorney must be competent, experienced and qualified. *Chandler v. Southwest Jeep-Eagle, Inc.,* 162 F.R.D. 302, 309 (N.D. Ill. 1995). Because courts in this district have found McCabe's counsel to be adequate in other class action suits, the Court finds no reason to call into question McCabe's attorneys' adequacy of representation in this case. We find that McCabe's representation is sufficiently adequate. The prerequisites of Rule 23(a) are satisfied as to Classes A and B. As McCabe seeks certification under Rule 23(b)(3), we must now evaluate whether McCabe meets those requirements.

### 5. 23(b)(3)

McCabe seeks to certify a Rule 23(b)(3) class action. Rule 23(b)(3) requires a finding: (1) that questions of law or fact common to all members of the class predominate over any individual questions; and (2) that a class action is a superior method of adjudication. Fed. R. Civ. P. 23(b)(3). The questions of law presented by Classes A and B are related to the form letter

sent by Crawford and to questions regarding compliance with sub-section (f) of the Code. Accordingly, we find that there are questions of law common to all members of Classes A and B.

Finally, we must determine whether a class action is superior to other available methods of adjudication. A class action is the most efficient method of adjudicating the claims of numerous class members who, largely unsophisticated and uninformed of their rights, might not otherwise possess the initiative to commence an action on their own behalf. *See Haynes v. Logan Furniture Mart,* 503 F.2d 1161, 1165 (7th Cir. 1974) (noting that courts should consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually").

Crawford argues that because McCabe has alleged several classes adjudicating his complaint as a class action would be unmanageable. Only two classes – Class A and Class B – remain. As such, it would not be unmanageable to proceed as a class action suit. A class action is, in this case, the most efficient method of adjudicating the claims of Class members A and B. Accordingly, we find that both requirements of Rule 23(b) are met.

## CONCLUSION

For the reasons contained in this opinion, the Court grants Budget's motion to dismiss Counts V, VI and VII. (R. 30-1.) In addition, the Court grants Crawford's motion to dismiss on Counts V, VI and VII, grants in part and denies in part Crawford's motion to dismiss on Counts I and IV and denies Crawford's motion to dismiss on Count II. (R. 31-1.) In addition, the Court grants McCabe's motion for class certification as to Classes A and B and denies McCabe's motion for class certification as to Classes C, D and E. (R. 12-1.) A status hearing will be held

on October 8, 2002 at 9:45 a.m. to set a firm litigation schedule for the issues remaining in this lawsuit.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: September 24, 2002